CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 10 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRENCE J. VOLZKE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Civil Action No. 7:06CV00540<br><br>**MEMORANDUM OPINION**<br><br>By:   Honorable Glen E. Conrad<br>        United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Terrence J. Volzke, was born on January 4, 1973, and eventually completed his high school education. Mr. Volzke also attended college for two years. Plaintiff has worked as a sales representative, emergency room technician, phlebotomist, sales person, and soldier. He last worked on a regular basis in 2002. On March 19, 2004, Mr. Volzke filed applications for disability insurance benefits and supplemental security income benefits. Mr. Volzke alleged that he became disabled for

all forms of substantial gainful employment on July 30, 2002, due to syringomyelia. He now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that Mr. Volzke met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally 42 U.S.C. § 423.

Mr. Volzke's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 8, 2006, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mr. Volzke suffers from stable syringomyelia at T6-T10; asthma; and depression. Because of these impairments, the Law Judge ruled that Mr. Volzke is disabled for his past relevant work roles. The Law Judge assessed plaintiff's residual functional capacity as follows:

> Upon careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to: lift and carry 10 pounds occasionally and less than 10 pounds on a frequent basis; stand and/or walk (with normal breaks) for a total of at least 2 hours in an 8-hour workday; sit (with normal breaks) for a total of at least 6 hours in an 8-hour workday; frequently balance, crouch, stoop, kneel, and crawl; occasionally climb ramps/stairs but never climb ladders/ropes/scaffolds; use bilateral upper extremities for reaching, including overhead reaching, handling, fingering and feeling on a constant basis; avoid concentrated exposure to extreme cold; avoid even moderate exposure to fumes, odors, dusts, gases, etc...; able to understand, remember, and carry out detailed instructions; interact appropriately with the public, supervisors, and co-workers on a constant basis; and able to respond appropriately to work pressures in a usual work setting. (TR 16)

Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mr. Volzke retains sufficient functional capacity to perform several specific sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Volzke is not disabled, and that he is not entitled to benefits under either federal program. See generally 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision

2

of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Volzke has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. As outlined above, the Administrative Law Judge decided this case at the fifth and final stage of the sequential disability analysis set forth under 20 C.F.R. §§ 404.1520 and 416.920. Having found Mr. Volzke disabled for past relevant work, the Law Judge relied on the testimony of a vocational expert in assessing plaintiff's capacity to perform alternate work roles, given plaintiff's particular combination of age, education, and prior work experience, and considering the residual functional capacity limitations as found by the Law Judge. Unfortunately, the hypothetical question put to the vocational expert did not include any limitations associated with plaintiff's major depressive disorder. Stated differently, the court is unable to conclude that the hypothetical question put to the vocational expert was complete, or that there is substantial evidence to support the Law Judge's reliance on the vocational expert's testimony in assessing plaintiff's capacity for alternate work activity. In such circumstances, the court is constrained to conclude that there is "good cause" for remand of this case to the Commissioner for further development and consideration.

The medical record in this case confirms that Mr. Volzke suffers from a depressive disorder. (TR 126, 232, and 243). As previously noted, the Law Judge found that plaintiff suffers from a severe impairment on the basis of depression. (TR 15). The Law Judge went on to comment as follows:

> The claimant complains of reactionary depression secondary to his pain and limitations from his physical impairment and reports suicidal ideation without intent or plan. (Exh. 3F, p. 5; Exh. 7F, pp. 1, 5, 7). The claimant does not seek or receive psychotherapy or psychotropic medications. However, the undersigned gives claimant the benefit of any doubt and concludes that claimant's depressive symptoms significantly limit claimant's ability to perform basic work-related activities. (TR 15).

At the administrative hearing, the Law Judge explored with the vocational expert plaintiff's potential for alternate work activity assuming both residual functional capacity for light exertion and sedentary exertion. As noted above, the Administrative Law Judge ultimately determined that Mr. Volzke is unable to perform more than sedentary work activities. The transcript of the administrative hearing reveals the following exchange between the Administrative Law Judge [ALJ] and the vocational expert [VE]:

> Q [ALJ]: All right. Let's next assume that the same individual from a vocational profile standpoint, let's assume that he's limited to sedentary work within the following parameters: he can lift and carry 10 pounds occasionally, less than 10 pounds frequently; he can stand and/or walk for a total of at least two hours in an eight hour day, that's with normal breaks; and he can sit with normal breaks for a total of six hours in an eight hour day; he can climb ramps or stairs occasionally; balance frequently; crouch frequently; stoop frequently; he must avoid climbing ladders, ropes, or scaffolds because of complaints of dizziness and the like; he can kneel frequently and crawl frequently; with respect to manipulation he's able to engage in reaching, handling, fingering, and feeling on a constant basis with bilateral upper extremities; he must avoid extreme cold, concentrated exposure to extreme cold and even moderate exposure to environmental irritants such as fumes, odors, dusts, gasses, poor ventilation; from a mental standpoint he's able to understand, remember, and carry out detailed instructions; he's able to interact appropriately with the public, supervisors, and coworkers on a constant basis; and he's able to respond to, appropriately to work pressures in a usual work setting. So assuming all those limitations, sir,

| | |
|---|---|
| | would that individual be able to do any of the claimant's past work as identified in Exhibit 10-E? |
| A [VE]: | No, would not. That's been light or above so. |
| Q: | Okay. Would there be other jobs such an individual might be able to perform? |
| A: | Yes, we could, you know, you could also look into some of the semiskilled sales type occupations that are of a sedentary physical demand nature. So you could look at, again, at the telemarketing type position would be one example. There are telephone solicitors, telemarketers, there are 419,000 of those in the national economy. That is a sedentary, semiskilled occupation. (TR 301-02). |

The hypothetical question put to the vocational expert included a statement of mental and emotional work-related components which the Law Judge did not consider to be affected by plaintiff's depressive disorder. The difficulty in this case is that the Law Judge did not include any work-related emotional components which he considered to have been compromised by the depressive disorder. As noted above, in his opinion, the Law Judge clearly stated that "claimant's depressive symptoms significantly limit claimant's ability to perform basic work-related activities." (TR 15). Thus, the court can only conclude that the hypothetical question is incomplete inasmuch as the Law Judge failed to list even a single work-related activity which he deemed to be significantly limited. Accordingly, the court finds it undisputed that the hypothetical question put to the vocational expert in this case was deficient.

In Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit commented as follows:

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. (citations omitted).

5

Inasmuch as the hypothetical question put to the vocational expert in this case did not include any of the significant limitations found by the Law Judge to be caused by plaintiff's depressive disorder, the court concludes that the Law Judge's reliance on the vocational expert's testimony in finding residual functional capacity for specific, alternate work roles is not supported by substantial evidence. The court believes that it is necessary to remand this case so that proper and comprehensive hypothetical questions can be put to a qualified vocational expert. It can then be determined whether Mr. Volzke can perform alternate work roles existing at the sedentary level, given his particular combination of exertional and nonexertional limitations, as well as his age, education, and past work experience. See generally 20 C.F.R. §§ 404.1520(g) and 416.920(g).

For the reasons stated, the court finds that plaintiff has established "good cause" for remand of his case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g). An appropriate order of remand will be entered this day. Upon remand, the Commissioner shall conduct a new administrative hearing, at which both sides will be allowed to present additional evidence and argument.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 10th day of July, 2007.

/s/ Glen Conrad
United States District Judge